**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GERALD JONES, # B13486,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| vs. | **)** | **Case No. 25-cv-01317-SMY** |
| | **)** | |
| **LATOYA HUGHES,** *et al.*, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief Judge:**

This matter is before the Court on Plaintiff's Motion to Recuse and Disqualify Judge (Doc. 25) and for case management. Plaintiff Gerald Jones is a prisoner in the custody of the Illinois Department of Corrections ("IDOC"), housed at Menard Correctional Center. Before filing this case, Plaintiff "struck out" under 28 U.S.C. § 1915(g). Therefore, he may not proceed *in forma pauperis* ("IFP") in this action unless he demonstrates that he faces imminent danger of serious physical injury.

The Court struck Plaintiff's Complaint on December 22, 2025, for improper joinder of claims and defendants, and granted Plaintiff leave to file an amended complaint by January 21, 2026 to proceed with this action. That deadline passed long ago, and Plaintiff failed to submit an amended complaint. Instead, he filed the instant motion requesting the undersigned to recuse and disqualify herself from this case.

Under 28 U.S.C. § 455, a judge should recuse herself in two situations: (1) recusal is mandatory in any proceeding in which the judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a); and (2) recusal is expected when any of the five statutorily prescribed criteria can be shown to exist, 28 U.S.C. § 455(b)(1)-(5). Plaintiff has failed to demonstrate either basis.

1

Plaintiff asserts that in *Jones v Jeffreys*, Case No. 23-cv-2889-SMY (S.D. Ill. filed Aug. 21, 2023), which he describes as "this same case under another title," the undersigned concluded he faced imminent danger and allowed his claims to proceed (Doc. 25, p. 1).  The *Jeffreys* case was consolidated with *Jones v. Wills*, Case No. 23-cv-2804-DWD (S.D. Ill. filed Aug. 15, 2023) where Judge Dugan also found Plaintiff met the imminent danger requirement to proceed *in forma pauperis* ("IFP").[1]   He states he "refiled the same lawsuit" under the caption herein after exhausting his grievance remedies, and "added more factual allegations, claims and defendants," showing continuing misconduct and harm demonstrating he still faces imminent danger of serious physical injury (Doc. 25, pp. 2, 7).

Plaintiff alleges the undersigned, "after learning of the additional facts," refused to conduct a merit review or grant IFP, aiding the defendants' criminal activity as well as Judge Dugan's alleged criminal activities and discrimination (Doc. 25, pp. 3-4).  According to Plaintiff, the undersigned "illegally falsified" that his Complaint included unrelated issues, as a pretext to refuse a merit review of the Complaint despite having allowed the older case to proceed (Doc. 25, p. 4).  He further claims the undersigned refused to conduct a merit review in retaliation for Plaintiff's filing of an appeal in this action (Doc. 25, p. 5).

Plaintiff's motion does not support his allegations of bias or personal prejudice by the undersigned.  By his own admission, Plaintiff's claims in this case include additional facts and defendants beyond the matters which were allowed to proceed in his earlier consolidated case.  This supports the undersigned's conclusion that the instant Complaint encompassed mis-joined claims and defendants and must be stricken (Doc. 22).

While Plaintiff disagrees with the undersigned's handling of the case, "judicial rulings

---

[1] The consolidated case was dismissed on April 24, 2025 after the Court concluded Plaintiff failed to exhaust his administrative remedies before filing suit. (Doc. 158, Case No. 23-2804-DWD).

alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, the Motion to Recuse and Disqualify Judge (Doc. 25) is **DENIED**.

Plaintiff was given the opportunity to re-plead his claims in an amended complaint, but failed to do so. In the absence of an operative Complaint, the Court cannot conduct the required merits screening under 28 U.S.C. § 1915A and cannot evaluate whether Plaintiff may qualify for IFP status under the provisions of 28 U.S.C. § 1915(g). (See Doc. 3).

Accordingly, this action is **DISMISSED without prejudice** for failure to comply with an Order of the Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997). All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. The Court does not count this dismissal as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $405.00 filing fee from his prison trust fund account if such funds are available. If he does not have $405.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $405.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $405.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United

States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Menard Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 30, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**